IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH PAIGE, SR.,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **CROZER CHESTER MEDICAL CENTER,** | : | |
| Defendant. | : | **NO. 08-4149** |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                                                             MARCH 3, 2009

      Joseph Paige, a pro se plaintiff, brings claims of wrongful termination based on allegations of race discrimination, harassment, hostile work environment, retaliation, intentional infliction of emotional distress, defamation and slander.[1] Mr. Paige's Complaint invokes 42 U.S.C. § 1983, 42 U.S.C. § 1981, the Fourteenth Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), and Pennsylvania state law. Defendant Crozer Chester Medical Center ("Crozer"), Mr. Paige's former employer, filed a Motion to Dismiss all of these claims, which Mr. Paige opposes. For the reasons discussed below, the Court grants the Motion as to Mr. Paige's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, the Fourteenth Amendment, and Pennsylvania state law, as contained in Counts I, III, IV, V, and VI his Complaint. The Court also grants the Motion as to Mr. Paige's claim of retaliation under

---

[1] Mr. Paige also appears to bring a claim for "Employment Discrimination" in Count II of his Complaint, without invoking any particular statutory provision or other legal basis for his claim. The allegations contained in Count II are properly considered in the context of Mr. Paige's claims for wrongful termination, harassment, retaliation, hostile work environment, intentional infliction of emotional distress, and defamation and slander, as discussed herein.

      Similarly, Mr. Paige appears to bring a separate claim for "Damages" in Count VII of his Complaint. The allegations contained in Count VII are properly considered in the context of Mr. Paige's claims for wrongful termination, harassment, retaliation, hostile work environment, intentional infliction of emotional distress, and defamation and slander, as discussed herein.

Title VII, as contained in Count III of his Complaint. The Court denies the Motion, however, as to Mr. Paige's Title VII claims for wrongful termination, hostile work environment, and harassment, as contained in Counts I, III and IV of his Complaint.

I.   FACTUAL AND PROCEDURAL HISTORY

   A.   Mr. Paige's Administrative Charge of Discrimination

In his administrative Charge of discrimination before the Equal Employment and Opportunity Commission ("EEOC"), Mr. Paige alleges that, even though he was qualified for his job, Crozer terminated him, a black male, because of complaints of sexual misconduct that had been made against him. See generally Compl.; Exhibit B to Compl.[2]; Administrative Charge of Joseph Paige, Sr., Commonweath of Pennsylvania, Governor's Office, Pennsylvania Human Relations Commission, Exhibit A to Def.'s Mot. to Dismiss.[3] Meanwhile, according to Mr. Paige, Crozer failed to investigate claims that white males had similar sexual harassment complaints pending against them, or had engaged in inappropriate sexual behavior. Id. Mr. Paige alleges that, unlike him, the white males were not disciplined or terminated for their alleged behavior. Id. Mr. Paige also alleges that the EEOC issued him a Notice of Right to Sue dated April 21, 2008, which was received by him on May 15, 2008. Compl. at ¶ 5. On August 12, 2008, 89 days after receiving his Right to Sue Notice, Mr. Paige filed his civil complaint.

---

[2] The Court may consider the exhibits that Mr. Paige attached to his complaint without transforming this into a motion for summary judgment. See Core Const. & Remediation, Inc. V. Village of Spring Valley, N.Y., No. 06-1346, 2007 WL 2844870, *2 (E.D. Pa. Sept. 27, 2007).

[3] The Court may consider Mr. Paige's administrative Charge in connection with Crozer's Motion to Dismiss because the Charge is specifically referenced in the Complaint and because the Charge, which is an undisputedly authentic document and a matter of public record, is essential to Mr. Paige's claims of discrimination. Compl. at ¶¶4-7; Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 781-2 (W.D. Pa. 2000).

B.     Mr. Paige's Civil Complaint

In his Complaint, Mr. Paige alleges that on August 13, 2004, Mark Mungan, from Crozer's Department of Human Resources, informed Mr. Paige that a housekeeper assigned to Mr. Paige's unit claimed that Mr. Paige had made unwanted sexual advances toward her. Id. at ¶ 9. Mr. Paige denied the accusations, and stated that the housekeeper merely was trying to deflect attention from complaints about her poor housekeeping. Id. at ¶ 10. Nevertheless, on August 18, 2004, Mr. Paige was terminated from his position because of the complaints of sexual harassment. Id. at ¶ 11.

According to Mr. Paige, in contrast to the treatment visited upon him by Crozer, when Michael Ruskowski, a white supervisor at Crozer, was accused of sexual harassment, no investigation was conducted, and Mr. Ruskowski is still employed at Crozer. Id. at ¶ 12. Additionally, Gene Nestor, a white American Director of Environmental Services at Crozer, had an "illicit sexual relationship" with a manager, which was publicized at Crozer, but Crozer took no disciplinary action against Mr. Nestor. Id. at ¶ 13.

Mr. Paige also alleges that Mr. Nestor "often stated when he held [Mr. Paige's] position that he would create 'an all white janitorial service' at Crozer, once he became Director of Environmental Services." Id. at ¶ 14. As part of Mr. Nestor's "effort to eliminate African-American maids and janitors, Mr. Nestor routinely harassed, demeaned, degraded, and humiliated [Mr. Paige] and other African-American employees." Id. at ¶ 15. Accordingly, Mr. Paige alleges that Crozer's "stated reason for [Mr. Paige's] termination was a pretext, where white employees that engaged in similar alleged conduct were not subjected to adverse scrutiny by Management." Id. at ¶ 16.

Mr. Paige also alleges that Crozer treated him differently from similarly-situated white employees in the following ways: "(a) implemented and enforced policies and directives which gave white employees preferential treatment; (b) failed to provide proper training to its supervisors and managers so that they would treat all employees equally; (c) failed to discipline white employees and black employees the same for violating the same work rules; (d) failed to credit statements of black employees accused of work-related rule violations while always crediting statements of white employees accused of work-related rule variations; (e) used its sexual harassment policy as a pretext to fire black employees; and (f) other acts and/or omissions that will become apparent as a result of discovery." Id. at ¶ 19.  Mr. Paige states that he was "told by his white supervisor that he 'was not part of the click [sic]' and that is why he was treated differently and subjected to a hostile environment at the work place," such as being "placed on a 'special shift' which started at 5:00 p.m. to 1:00 a.m. daily." Id. at ¶¶ 26-27. These actions were "designed to constructively terminate [him]." Id. at ¶ 28. Additionally, Crozer "fabricat[ed] write-ups and retaliat[ed] against [him] for complaining to the vice-president of the unlawful practices of its supervisors and managers, which resulted in the wrongful termination of his employment." Id. at ¶ 21.

Mr. Paige states that he has always been a "person of good name, credit and reputation" in his community, and that Crozer, knowing this and "intending to injure [Mr. Paige] and deprive him of his good name and reputation, conspired and did intentionally and illegally make and publish certain information and documents concerning [Mr. Paige] which were false, scandalous, defamatory and malicious writings and libel, which [have] already adversely affected [Mr. Paige] in his community and which will continue to adversely affect [Mr. Paige] in his community and

future employment." Id. at ¶¶ 35-37. Crozer harassed Mr. Paige, "tormented him, and subjected him to a hostile work environment, all of which resulted in the termination of [Mr. Paige's] employment and manufacturing reasons to justify [his] discharge and placing this false information concerning [Mr. Paige] in his file to make it part of his permanent personnel record." Id. at ¶ 38.

As a result of Crozer's actions, Mr. Paige has "lost wages and other employment benefits," and has experienced severe emotional distress, for which he has sought psychological and psychiatric help. Id. at ¶¶ 32, 41-43.

Crozer's Rule 12(b)(6) motion raises a variety of arguments, which are discussed below. Mr. Paige opposes the Motion and has endeavored to marshal appropriate caselaw. The Court recognizes the challenges presented to a pro se litigant in such circumstances. The Court acknowledges that Mr. Paige has presented a respectful effort to "tell his story" by emphasizing the facts as he recounts them and trying to assemble various cases as appear to him to be germane to the issues.

II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47). While a complaint need not contain detailed factual allegations, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the

5

elements of a cause of action will not do." Id. at 1964-65 (citations omitted).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

In making such a determination, courts "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)").  The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

To evaluate a motion to dismiss, the Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice.  See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Mr. Paige's pro se Complaint must be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Due to the "understandable difference in legal sophistication," pro se litigants such as Mr. Paige are held to "less stringent standards" than trained counsel. Haines v. Kerner,

404 U.S. 519, 520 (1972). The Court must construe pro se pleadings liberally and "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (internal citation omitted). While the Court of Appeals for the Third Circuit traditionally has given pro se litigants "greater leeway where they have not followed the technical rules of pleading and procedure," Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), all parties must nonetheless follow the Federal Rules of Civil Procedure, Thomas v. Norris, No. 02-1854, 2006 U.S. Dist. LEXIS 64347, 2006 WL 2590488, *4 (M.D. Pa. Sept. 8, 2006).

III.   DISCUSSION

    A.   Mr. Paige's Claims Under 42 U.S.C. § 1983, the Fourteenth Amendment, and 42 U.S.C. § 1981

Notwithstanding the indulgence shown to a pro se plaintiff when evaluating a pleading, the Court must dismiss all of Mr. Paige's claims under 42 U.S.C. § 1983 and the Fourteenth Amendment, as contained in Counts I and III of his Complaint.[4] These claims fail as a matter of law because Mr. Paige has not alleged (nor could any of his allegations be expansively read to allege) that Crozer was acting under color of state law, a necessary element for claims brought under 42 U.S.C. § 1983 and the Fourteenth Amendment. See 42 U.S.C. § 1983; Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929 (1982); Moose Lodge no. 107 v. Irvis, 407 U.S. 163, 172 (1972); Shelley v. Kraemer, 334 U.S. 1, 13 (1948).

---

[4] Mr. Paige explicitly invokes the Fourteenth Amendment in Count I of his Complaint, titled "Wrongful Termination." Mr. Paige explicitly invokes 42 U.S.C. § 1983 in Count III of his Complaint, titled "Harassment and Retaliation," where he also appears to suggest that 42 U.S.C. § 1983 is relevant to Count I of his Complaint, "Wrongful Termination." Compl. at ¶ 21.

Mr. Paige also appears to invoke 42 U.S.C. § 1981 in his Complaint. Compl. at ¶ 1.[5]  To the extent that Mr. Paige brings his claims under 42 U.S.C. § 1981, such claims also must be dismissed, because this statutory provision does not apply to claims that are based on "conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations." Patterson v. McLean Credit Union, 491 U.S. 164, 171 (1989).  The Complaint includes no such allegations and, therefore, § 1981 has no role in this dispute.

      B.      Timeliness of Mr. Paige's Title VII Claims

The Court rejects Crozer's argument that Mr. Paige's claims must be dismissed because he waited too long to file his civil complaint after receiving his Right to Sue Notice.  Title VII requires an individual to file a complaint of discrimination within 90 days of receiving a Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. 2000e-5(f)(1); Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).  Mr. Paige filed his Complaint on August 12, 2009, which was 89 days after the date that Mr. Paige alleges he first received the Right to Sue Notice from the EEOC.  Although Crozer disputes the date that Mr. Paige first received his Right to Sue Notice from the EEOC, the Court must accept all of the allegations in Mr. Paige's Complaint as true. See Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1990); Khazzaka v. Unif. of Scranton, No. 0:01-cv-211, 2001 WL 1262320, *2 (M.D. Pa. Oct. 22, 2001).  Mr. Paige alleges that he received the EEOC's Right to Sue Notice on May 15, 2008.  He filed this complaint on August 12, 2008,

---

[5] Mr. Paige invokes 42 U.S.C. § 1983 in the first numbered paragraph of his Complaint, titled "Jurisdiction," but does not state the specific Counts to which this statutory provision applies.

some 89 days after his receipt of the EEOC's Notice. At this stage of the litigation, and especially considering Mr. Paige's pro se status, the Court cannot dismiss Mr. Paige's claims on the grounds that he failed to file his Complaint within 90 days of receiving his Right to Sue Notice.

      C.      Mr. Paige's Title VII Claim of Wrongful Termination

In his Charge of discrimination and civil complaint, Mr. Paige alleged that, even though he was qualified for his job, Crozer terminated him, a black male, because of accusations of sexual harassment. See generally Compl. at ¶¶ 8-17; Exhibit A to Def.'s Mot. to Dismiss. Meanwhile, Mr. Paige alleged, Crozer failed to terminate or discipline white males against whom similar harassment complaints were made or who engaged in inappropriate sexual behavior. See id.; Exhibit B to Compl.

Crozer contends that Mr. Paige has failed to allege sufficient facts to set forth prima facie discrimination claims under Title VII, citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), as interpreted by the Third Circuit Court of Appeals in Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). To make out a prima facie case for wrongful termination based on discrimination, a plaintiff must show that (1) he was a member of a protected class; (2) he was discharged; (3) he was qualified for the job; and (4) he was replaced by someone outside of the protected class or persons outside of the protected class were treated more favorably in a manner that gives rise to an inference of discrimination.

The Court concludes that, considering the allegations of Mr. Paige's Complaint and the

contents of the exhibits attached to the Complaint,[6] and Mr. Paige's pro se status, Mr. Paige has satisfied the pleading standard required at this early stage in the litigation. Accordingly, Mr. Paige's Title VII claim of "Wrongful Termination" in Count I of his Complaint survives the Motion to Dismiss.

> D. Exhaustion of Administrative Remedies for Mr. Paige's Title VII Claims of Hostile Work Environment and Harassment

Before bringing a Title VII suit, a plaintiff must first exhaust his administrative remedies by filing an administrative Charge of discrimination with the EEOC or an analogous state agency. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). The subsequent civil suit is limited to claims that are within the scope of the administrative Charge and the investigation that can reasonably be expected to arise from the Charge. Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996); Herzog v. McLane Northeast, Inc., 999 F. Supp. 274, 276 (N.D.N.Y. 1998). A plaintiff's EEOC Charge must not be read too narrowly, and courts must "keep in mind that charges are drafted by one who is not well versed in the art of legal description." See Hicks v. ABT Assoc., Inc., 572 F.2d 960, 965 (3d Cir. 1978). Thus, "the scope of the original charge should be liberally construed." See id. (citation omitted). Indeed, because Title VII is a remedial statute, some courts refuse to construe strictly the administrative charge where such strict construction would prevent a plaintiff from bringing a claim. See Obradovich v. Federal Reserve Bank of

---

[6] In his civil complaint, Mr. Paige alleges that he is an African-American male who was terminated because of sexual harassment accusations made against him, whereas white males who were accused of sexual harassment or had an "illicit sexual relationship" were not disciplined or terminated. Compl. at ¶¶ 2, 11, 12, 13. In Exhibit B to his civil complaint, which contains the factual findings of the Pennsylvania Human Relations Commission, Mr. Paige alleges that he was qualified for his job and recounts his "years of experience in Management," "[s]atisfactory" job performance, and prior promotion. Ex. B at 3.

New York, 569 F. Supp. 785 (S.D.N.Y 1983); Sanchez v. Standard Brands, Inc., 431 F.2d 455, 462 (5th Cir. 1970); Scott v. Overland Park, 595 F. Supp. 520 (D.Kan. 1984). "Courts require [a] broad reading of the charge because most Title VII claimants are unschooled in the technicalities of the law and proceed without counsel." Ang v. Procter & Gamble Co., 932 F.2d 540, 546 (6th Cir. 1991) (citing Obradovich, 569 F. Supp. at 785, 789; Sanchez, 431 F.2d at 455, 462-63; Scott, 595 F. Supp. at 520, 526).

Mr. Paige's Complaint describes various ways in which he allegedly was mistreated or treated differently from similarly situated white employees, including being "placed on a 'special shift'" because he "was not part of the click [sic]"; being told by the Director of Environmental Studies that "he would create an all white janitorial service" at Crozer; and being "routinely harassed, demeaned, degraded, and humiliated," along with other African-American employees. Compl. at ¶¶ 14, 15.

These allegations support Mr. Paige's claims of hostile work environment and harassment under Title VII, but arguably involve conduct that was *not* within the scope of Mr. Paige's administrative Charge. Nevertheless, the claims *are* within the scope of the investigation that reasonably could have been expected to arise from the Charge. Considering the particular facts alleged in Mr. Paige's administrative Charge, a reasonable investigation regarding whether Mr. Paige was terminated because of his race would also encompass *other ways* in which Mr. Paige may have been treated differently because of his race, such as racial harassment or treatment that would support a claim of hostile work environment. See Waiters v. J. L. G. Parsons, 719 F.2d 233, 238 (3d Cir. 1984) (finding that plaintiff's claim was encompassed in the investigation that could reasonably be expected to arise from her administrative charge, where the claim involved

the same "core grievance - retaliation" as the claim in the charge). It is a fair reading of the EEOC charge and the Complaint to conclude that Mr. Paige has exhausted his administrative remedies for these claims, and has also satisfied the applicable liberal pleading standard at this early stage in the litigation. Therefore, the Court declines to dismiss Mr. Paige's Title VII claims for harassment and hostile work environment, as contained in Counts III and IV of his Complaint.

E. Mr. Paige's Title VII Retaliation Claim

In contrast to his hostile work environment and harassment claims, nowhere in Mr. Paige's administrative Charge does he suggest that he engaged in any sort of protected conduct, or that Crozer employees expressed any sort of retaliatory animus. See Moore v. City of Phila. 461 F.3d 331, 341-42 (3d Cir. 2006). Accordingly, Mr. Paige's retaliation claim - which depends on the allegation that Crozer retaliated against him for "complaining to the vice-president of the unlawful practices of its supervisors and managers" by "fabricating write-ups," Compl. ¶ 20 - cannot reasonably be said to be within the scope of his administrative Charge.

Moreover, Mr. Paige's retaliation claim is not encompassed by the investigation that can reasonably be expected to arise from Mr. Paige's Charge. Mr. Paige's administrative Charge only described actions based on discrimination, and included no facts that would have prompted an investigation into retaliation. Cf. Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 831-33 (6th Cir. 1999) (finding that an administrative Charge alleging discrimination was sufficient to prompt an EEOC investigation into retaliation, because the Charge related to an EEOC affidavit

concerning retaliatory acts). Accordingly, the Court dismisses Mr. Paige's Title VII retaliation claim, as contained in Count III of his Complaint.

      F.      Mr. Paige's State Law Claims of Intentional Infliction of Emotional Distress, Defamation and Slander

Pennsylvania has a two-year statute of limitations for state law tort claims, including claims of intentional infliction of emotional distress and defamation. 42 Pa. C.S.A. § 5524. Mr. Paige's Complaint and the attached exhibits make clear that his employment relationship with Crozer, on which his state law claims depend, ended in August of 2004 - approximately four years before Mr. Paige filed his Complaint, and well outside of the two-year statute of limitations for tort claims. Mr. Paige does not allege any conduct occurring after the date of his termination that would give rise to a claim for intentional infliction of emotional distress. Accordingly, the Court dismisses as untimely Mr. Paige's claim of intentional infliction of emotional distress contained in Count V of his Complaint.

The same is true for Mr. Paige's state law claim for defamation and slander. Mr. Paige alleges that Crozer harassed him and subjected him to a hostile work environment, "all of which resulted in the termination of [Mr. Paige's] employment and manufacturing reasons to justify [his] discharge and placing this false information concerning [Mr. Paige], in his file to make it part of his permanent personnel record." Compl. at ¶ 38. Fairly read, this allegation suggests that the "false information" was placed in Mr. Paige's personnel file around or before the time of his discharge in August 2004 - again, well outside of the applicable two-year statute of limitations. Accordingly, the Court dismisses Mr. Paige's claim for defamation and slander, as contained in Count VI of his Complaint.

IV.     CONCLUSION

For the reasons set forth above, the Court grants the Motion to Dismiss as to Mr. Paige's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, the Fourteenth Amendment, and Pennsylvania state law, as contained in Counts I, III, IV, V, and VI of the Complaint. The Court also grants the Motion to Dismiss as to Mr. Paige's claim of retaliation under Title VII, as contained in Count III of the Complaint. The Court denies the Motion to Dismiss, however, as to Mr. Paige's Title VII claims for wrongful termination, hostile work environment, and harassment contained in Counts I, III and IV of the Complaint.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PAIGE, SR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CROZER CHESTER MEDICAL CENTER, | : | |
| Defendant. | : | NO. 08-4149 |

ORDER

AND NOW, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 5), it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART. The Court GRANTS the Motion as to Mr. Paige's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, the Fourteenth Amendment, and Pennsylvania state law, as contained in Counts I, III, IV, V, and VI of the Complaint. The Court also GRANTS the Motion as to Mr. Paige's claim of retaliation under Title VII, as contained in Count III of the Complaint. The Court DENIES the Motion, however, as to Mr. Paige's Title VII claims for wrongful termination, hostile work environment, and harassment contained in Counts I, III and IV of the Complaint.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE