IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PAIGE, SR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CROZER CHESTER MEDICAL CENTER, | : | |
| Defendant. | : | NO. 08-4149 |

**MEMORANDUM AND ORDER**

In his pro se Complaint, Joseph Paige, Sr. brought claims for wrongful termination based on allegations of race discrimination, harassment, hostile work environment, retaliation, intentional infliction of emotional distress, defamation and slander, invoking 42 U.S.C. § 1983, 42 U.S.C. § 1981, the Fourteenth Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), and Pennsylvania state law. Defendant Crozer Chester Medical Center ("Crozer Chester") filed a motion to dismiss, which the Court granted in part and denied in part. The surviving claims included those brought under Title VII for wrongful termination, hostile work environment, and harassment. Following the Court's decision on the motion to dismiss, the parties conducted discovery, and Mr. Paige obtained counsel. Thereafter, Crozer Chester filed a motion for summary judgment on December 30, 2009.

While the motion for summary judgment was pending, Mr. Paige's counsel filed a motion to withdraw based on his opinion that Mr. Paige's claims had no good faith basis and that counsel's continued representation might make him vulnerable to sanctions under Federal Rule of Civil Procedure 11. On February 24, 2010, the Court held an oral argument on the motion to withdraw. After hearing from both Mr. Paige and his counsel, the Court determined to grant counsel's motion to withdraw. The Court also told Mr. Paige that his response to Crozer Chester's motion for summary judgment would be due on March 26, 2010 - over a month after the date of the oral argument, and almost three months after the motion for summary judgment was filed. The Court's decision regarding Mr. Paige's response deadline was further documented in an Order dated March 1, 2010.

The March 26, 2010, deadline came and went, and Mr. Paige did not file a response to Crozer

Chester's motion for summary judgment. However, Mr. Paige apparently served Crozer Chester with a document intended to address Crozer Chester's arguments on summary judgment. This document was not filed by Mr. Paige, but was submitted to the Court by defense counsel on April 7, 2010, and was then docketed for Mr. Paige's benefit. See Docket No. 30. Crozer Chester also filed a Reply in support of its motion for summary judgment. See Docket No. 29. Considering all of the parties' submissions on summary judgment, and viewing the evidence in the light most favorable to Mr. Paige, as the Court must when considering a motion for summary judgment, the Court concludes that Mr. Paige's claims cannot survive as a matter of law.

First, there is no evidence that there were any actions taken that were so "severe" or "pervasive" as to alter the terms and conditions of Mr. Paige's employment as would be necessary to make out hostile work environment and harassment claims. See Meritor Sav. Bank v. Vinson, 447 U.S. 57, 65 (1986); see also Pl. Dep. at 5-6, 20, 22, 40-41, 45, 88-90; Compl. at Exs. A and B; Declaration of Mark Mungan ("Mungan Decl."). The Court acknowledges Mr. Paige's deposition testimony that he overheard certain managers use the word "nigger" on various occasions, and that the start and end times of his workshifts were adjusted by one of these managers. Pl. Dep. at 6-14, 25-26, 30-34. However, the alleged racial epithets, viewed in the context of this case, cannot support a prima facie case of discrimination or retaliation. See Francis v. Chem. Banking Corp., 62 F. Supp. 2d 948, 959-60 (E.D.N.Y. 1999), aff'd 213 F.3d 626 (2d Cir. 2000); Lawton v. Sunoco, Inc., No. 01-2784, 2002 WL 1585582, at *8 (E.D. Pa. July 17, 2002). Rude, uncivil or even boorish behavior, while insulting, inappropriate and immature, is not automatically actionable. Indeed, Mr. Paige himself acknowledged that the alleged racial comments and treatment did not affect his job or alter the terms and conditions of his employment. See Pl. Dep. at 40. In any event, Mr. Paige's self-serving and uncorroborated testimony, without even a scintilla of supporting evidence or inference from evidence elsewhere in the record, cannot support his claims at this stage. See McSherry v. Dept. of Labor and Industry, Bureau of Workers' Compensation, No. 04-132, 2006 U.S. Dist. LEXIS 10124, *43 (W.D. Pa. Feb. 23, 2006).

The Court also notes that Mr. Paige has provided no basis for holding Crozer Chester liable for

any alleged racial comments or treatment. There is no evidence that Crozer Chester condoned the racially-charged conduct about which Mr. Paige complained, or otherwise failed to take prompt remedial action when it learned of the alleged harassment. In fact, Mr. Paige's own testimony demonstrates the opposite. See Pl. Dep. 22-25, 40, 46.

Second, there is no evidence that Mr. Paige was terminated under circumstances giving rise to an inference of unlawful discrimination or retaliation. And, even assuming arguendo that Mr. Paige could make out a prima facie case for wrongful termination, he has presented no evidence to show that Crozer's legitimate reason for his termination was pretextual. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Fuentes v. Perskie, 32 F.3d 759, 763-65 (3d Cir. 1994). The evidence reflects that Mr. Paige received good employment reviews during the years that he worked at Crozer Chester. He was terminated because of complaints that he sexually harassed a female employee on multiple occasions in the workplace, and these complaints were reasonably credited by Crozer Chester following an investigation by the human resources department. See Pl. Dep. at 5-6, 20, 22, 40-41, 45, 88-90; Compl. at Exs. A and B; Mungan Decl; Fuentes v. Perskie, 32 F.3d 759, 763-65 (3d Cir. 1994); Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 527 (3d Cir. 1992). Mr. Paige has presented no evidence to the contrary.

Mr. Paige's effort to counter Crozer Chester's motion does not alter this conclusion. In the document he prepared, Mr. Paige presents a barrage of self-serving factual statements but offers no support in or from the record for any of these statements. He states that he has evidence to support his claims, but does not offer the evidence. Mr. Paige impugns the character and questions the credibility of various persons allegedly involved in the events underlying his claims, but he does nothing to demonstrate that Crozer Chester is not entitled to summary judgment under the applicable standard. He also does nothing to suggest that he himself might be entitled to summary judgment, as the title of his filing might suggest. Indeed, the Court would not construe Mr. Paige's filing as a dispositive motion in any event, given that Mr. Paige missed the applicable filing deadline by more than three months.

Viewing the evidence in the light most favorable to Mr. Paige, there are no genuine issues of material fact sufficient to permit a reasonable jury to find in favor of Mr. Paige on his wrongful termination, hostile work environment or harassment claims. Accordingly, Crozer Chester's motion for summary judgment must be granted. To the extent that Mr. Paige is making his own motion for summary judgment, his motion must be denied.

AND NOW, this 27th day of April 2010, upon consideration of Crozer Chester's Motion for Summary Judgment (Docket No. 23), the document that Mr. Paige served on Crozer Chester titled "Memorandum of Law in Support of Plaintiff,s [sic] Motion for Summary Judgment" (Docket No. 30), as well as Crozer Chester's Reply in Support of its Motion for Summary Judgment (Docket No. 29), and for the foregoing reasons, it is hereby ORDERED that Crozer Chester's Motion for Summary Judgment (Docket No. 23) is GRANTED and the Clerk is instructed to CLOSE the case for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge